UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN REBOLLAR, | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-829 |
| | § | |
| EARTHCARE MANAGEMENT, INC., | § | |
| and BRENT ABSHIRE, | § | |
| | § | |
| *Defendants* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Comes Now, Plaintiff Juan Rebollar ("Plaintiff"), complaining of the conduct of Defendant Earthcare Management, Inc., and Defendant Brent Abshire (referred to collectively as "Defendants") and for cause of action respectfully shows this Court as follows:

**I. NATURE OF THIS ACTION**

1. This is an action for unpaid wages brought pursuant to the federal Fair Labor Standards Act ("FLSA") by a low-wage manual laborer who was employed by the Defendants to perform landscaping work in the Houston area of Texas. The Plaintiff regularly worked more than 40 hours per week without being paid the overtime pay required by the FLSA. Additionally, the Plaintiff was at times compensated at a rate so low as to violate the minimum wage requirements of the FLSA. The Plaintiff brings this action to recover his unpaid minimum wages and overtime compensation, together with liquidated damages, attorney fees and costs, and other relief available under 29 U.S.C. §216.

## II. PARTIES

2. The Plaintiff is an individual who was employed by the Defendants as a manual laborer to perform landscaping work in the Houston area of Texas. The Plaintiff is an individual who resides in Travis County, Texas, and who may be contacted through the undersigned attorneys of record. The Plaintiff consents to be a party in this action as manifested in the consent forms attached hereto as "Exhibit A."

3. Defendant Earthcare Management, Inc. is a domestic corporation that may be served with process by serving its registered agent, Brent Abshire, at 12115 West Drive, Cypress, TX 77433.

4. Defendant Brent Abshire is an individual who may be served with process at 12115 West Drive, Cypress, TX 77433.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. §1331 (Federal Question) and 29 U.S.C. § 216(b) (FLSA). This Court has personal jurisdiction over the Defendants because each Defendant has sufficient contacts with this forum to give this Court general jurisdiction over each Defendant.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## IV. FACTUAL ALLEGATIONS

7. Defendants operate as a landscaping and irrigation company providing services to the residential and commercial properties in the Greater Houston area. Defendants employ more than 100 landscaping and irrigation crew members.

8. For purposes of this action, the "relevant period" is defined as that period commencing three years prior to the date this lawsuit was filed, and continuing thereafter.

9. During the relevant period, the Plaintiff was employed by the Defendants to perform work as a landscaping crew member.

10. At all times hereinafter mentioned, the Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, the Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. Defendant Brent Abshire is a corporate officer with operational control over Earthcare Management, Inc. and had the power to act on behalf of the landscaping company vis-a-vis its employees, including the power to establish company pay practices, and to hire and fire employees.

13. At all times relevant to this lawsuit and as a matter of economic reality, the Defendants were employers or joint employers of the Plaintiff.

14. During the relevant period, the Plaintiff has been employed by the Defendants as non-exempt worker whose normal job duties were to perform landscaping work on residential and commercial properties.

15. During the relevant period, the Defendants compensated the Plaintiff on a day-rate basis.

16. During the relevant period, the Plaintiff worked in excess of 40 hours per week without receiving overtime pay at one and one half times the regular rate of pay for hours in excess of 40 per week as required by 29 U.S.C. §207.

17. During the relevant period, the Plaintiff worked in one or more weeks in which he was paid less than the minimum wage required by 29 U.S.C. §206.

18. Throughout the relevant period, the Defendants failed to maintain complete and accurate records of the hours worked and compensation paid to the Plaintiff.

19. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay all minimum wage and overtime compensation due to Plaintiffs.

## VI. FIRST CAUSE OF ACTION- FLSA (MINIMUM WAGE)

20. By failing to pay the Plaintiff the required minimum wage in accordance with the Fair Labor Standard Act during their employment, the Defendants willfully violated the Plaintiff's rights protected by the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq. for which Plaintiff is entitled to relief pursuant to 29 U.S.C. Sec. 216(b).

## VII. SECOND CAUSE OF ACTION- FLSA (OVERTIME)

28.    By failing to pay the Plaintiff one and half times his regular hourly rate for all hours worked over 40 hours in a work week, the Defendants willfully violated the Plaintiff's rights protected by the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq. for which the Plaintiff is entitled to relief pursuant to 29 U.S.C. Sec. 216(b).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully prays that he recover from the Defendants the following:

A.  Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

B.  All unpaid minimum wages;

C.  An equal amount as liquidated damages as mandated by the FLSA;

D.  Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

E.  Pre-judgment and post-judgment interest at the highest rates allowed by law; and

F.  Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By:  /s/ Christopher Willett
CHRISTOPHER WILLETT
Texas State Bar No. 24061895
Southern District of Texas Federal Id No. 1609981

EQUAL JUSTICE CENTER
510 S. Congress Ave., Suite 206
Austin, Texas 78704
Tel.: (512) 474-0007 ext-107
Fax: (512) 474-0008

Attorney for Plaintiffs